Frances Stone, Plaintiff, *v.* Ætna Life Insurance Company, Defendant, and Jerome Stone, Maurice Stone and Beverly Stone, All Infants under the Age of Fourteen Years, Added as Parties Defendant Pursuant to the Provisions of Section 271 of the Civil Practice Act.

Supreme Court, Special Term, Kings County, November 4, 1941.

*Abraham Burstein*, for the plaintiff.

*Daniel Miner*, for the defendant.

Cuff, J. Motion by defendant requiring plaintiff to accept as sufficient response to her motion to strike out the answer and for summary judgment, the annexed affidavit and upon the strength of said affidavit to have the motion for judgment denied. This unusual motion states defendant has been protected by it because its defense to this action has been threatened by plaintiff's motion for summary judgment in two ways: (1) Unless it reveals sufficient evidence to show a triable issue the motion will be granted and (2) if it exposes all of its evidence, the disclosure, although serving to defeat the motion at hand, will seriously jeopardize, if not destroy, the availability of the evidence to support the defense when the cause is reached for trial.

The action is brought by a widow to recover the proceeds of a policy of life insurance issued by defendant on the life of her deceased husband in the amount of $7,500. The defense is that when the deceased applied for the insurance he knowingly made incomplete, incorrect, untrue material representations in his application with intent to deceive the defendant. If established proof of that character will defeat plaintiff's claim. These facts, gleaned from the affidavits, are conceded: (1) In 1939 the deceased was treated by one Dr. Robinson three or four times and that in October of that year (1939) Dr. Robinson suggested a blood test and an electro-cardiogram; (2) that the insured went to Florida in December, 1939; (3) that one Dr. Leventhal in 1939 treated the deceased twice; (4) that in the application for the insurance the deceased answered (a) that he had never consulted a physician for any ailment of the heart, blood vessels or lungs; (b) that his blood pressure was never found by any one to be abnormal or unusual; (c) that he never had a pain or discomfort in the chest; (d) that Dr. Leventhal the year previous (1939) had given him " regular or occasional health examinations " but that he (the doctor) found no impairments; (5) that the said application for insurance contained no mention of the treatments by Dr. Robinson; (6) that the application for the insurance was signed March 18, 1940, which was about five months after Dr. Robinson had suggested the electro-cardiogram and three months after the Florida trip; (7) that the policy was delivered March 26, 1940; (8) that the insured died about eight months later on December 3, 1940; (9) that the cause of death was coronary thrombosis with the contributing cause of chronic myocarditis.

Defendant's attorney states that he possesses additional facts but is reluctant for the reason heretofore given to make them known. Likewise he is unwilling to state the sources of his evidence which plaintiff claims she is entitled to have disclosed on her motion for summary judgment. Plaintiff's attorney maintains that defendant " must come forth to this court with evidence to show that defendant has a meritorious defense, and that can only be done by a statement of facts." The language of rule 113 of the Rules of Civil Practice would indicate that the foregoing observation is correct. The objective of the rule is to dissipate unnecessary delay in entering judgment in a proper case. The result, no matter what the intendment of its proponents was, is to deprive certain litigants of a trial and in this case a trial by jury.

There is no doubt that the rule serves a just and needed purpose. In its execution, however, care should be taken that its dire effects be reserved for those cases only where the justice of its application is unusually clear. That there should be an exercise of discretion when dealing with rule 113 is intimated by SHIENTAG, J. (N. Y. L. Rev. April, 1940, p. 187) where he says in an article on the subject of " Summary Judgment:" " Summary judgment is rarely granted in such cases, [actions on insurance policies] for almost always the facts are not within the knowledge of the defendant " (p. 221). And again quoting Mr. Justice STONE of the United States Supreme Court, he says: " He looks with disfavor upon an attitude of narrow liberalism that frequently defeats or restricts the purpose of remedial legislation " (pp. 233, 234).

Because the motion under consideration is unprecedented is no reason of itself to deny the application. Summary judgment as a remedy against delay in enforcing valid claims originated in England in 1855. It was 1921 before this State embraced the reform and produced rule 113, which was enlarged in scope in 1932. It is, therefore, comparatively new although much has been written about it. If defendant simply opposed plaintiff's motion for summary judgment by interposing the affidavit, the subject of this motion, and was unable thereby to impress the court that its defense raised a triable issue, plaintiff would prevail and judgment would be entered in her favor. And this, although defendant would be in possession of additional facts which it was not good judgment to make known but if disclosed would have defeated the application. A rank injustice under the circumstances would have been accomplished. After defendant had lost to plaintiff the motion for summary judgment it could not be heard to apply for another hearing for the purpose of submitting its additional proof.

This is a case where defendant's proof to be used at the trial is wholly under the control of plaintiff. It seems to me that the affidavit submitted on this motion would have been wholly sufficient to defeat plaintiff's motion for summary judgment. Defendant regards itself in a position where it stands to suffer a substantial loss no matter what it does on that motion for summary judgment. The rule (113) was not intended to work an injustice. Defendant seeks to rescue itself in its dilemma, hence this application. Where an attorney devises in the course of litigation a new method of approach to a problem when grave danger to the rendition of justice lurks in pursuing the usual practice and where no one is subjected to prejudice thereby, the court should give careful consideration to the innovation. WENZEL, J., entertained a similar application in *Stone* v. *United States Life Insurance Co.* (Oct. 27, 1941, Special Term, Part I, Kings County, decision from the bench). The objection to the motion because it is unprecedented is overruled. This kind of motion, however, should be restricted in its application to situations of the kind herein presented.

I think, considering the cause of death, to wit, coronary thrombosis with chronic myocarditis contributing, that the visits to Dr. Robinson in 1939 and particularly the one in October of that year when the doctor suggested that the deceased subject himself to an electro-cardiogram and blood test amount to a factual presentment within the terms of rule 113, which raises an inference that the deceased was suffering from a heart condition and that he was aware of that fact when he made out the application for the insurance so that his failure to include that information therein amounted to a suppression of a material fact or facts in applying for the insurance that was thereafter written on the strength of the answers that he made. Those facts as appear in the affidavit of Daniel Miner are sufficient response to plaintiff's application for summary judgment to defeat said application. Action on plaintiff's motion for summary judgment may not be taken by me at this time because of a stay which is in effect. This motion is granted.